UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

CHRISTIAN RUNYON                                                    PLAINTIFF

v.                                          CIVIL ACTION NO. 5:15CV-94-GNS

KEN CLAUD                                                          DEFENDANT

**MEMORANDUM OPINION**

By Order entered May 26, 2015 (DN 8), the Court directed Plaintiff either to pay the

$400.00 fee for filing this civil action or to file a fully completed non-prisoner application to

proceed without prepayment of fees.  The Court warned Plaintiff's that his failure to comply

within 30 days from entry of the Order would result in dismissal of this action.  The compliance

period has expired, and Plaintiff has failed to comply or show cause for said failure.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal

of an action if a plaintiff fails to prosecute or to comply with an order of the court.  *See Jourdan*

*v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the

district court to enter a *sua sponte* order of dismissal.").  "[W]hile *pro se* litigants may be entitled

to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal

training, there is no cause for extending this margin to straightforward procedural requirements

that a layperson can comprehend as easily as a lawyer." *Id.*  "[T]he lenient treatment of *pro se*

litigants has limits.  Where, for example, a *pro se* litigant fails to comply with an easily

understood court-imposed deadline, there is no basis for treating that party more generously than

a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  Additionally,

courts have an inherent power "acting on their own initiative, to clear their calendars of cases

that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."

*Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Because Plaintiff failed to comply with a straightforward Order of this Court, the Court concludes that he has abandoned any interest in prosecuting this action.  Therefore, by separate Order, the Court will dismiss the instant action.

Date:  July 14, 2015

**Greg N. Stivers, Judge**
**United States District Court**

cc:     Plaintiff, *pro se*
         Defendant
4416.005

2